UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON TAYLOR, | No. 2:14-cv-2163 KJN P |
| Plaintiff, | |
| v. | ORDER |
| BANNER LASSEN MEDICAL CENTER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

1  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.
2  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
3  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
4  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
5  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
6  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

7  Named as defendants are Banner Lassen Medical Center, Dr. Kaiser and Dr. Roche.
8  Plaintiff alleges that on August 14, 2014, he went to the prison hospital triage facility to report
9  stomach pains due to constipation.  Defendant Roche wanted plaintiff to be examined at
10 defendant Banner Lassen Medical Center.  Upon plaintiff's arrival at defendant Banner Lassen
11 Medical Center, all of plaintiff's vital signs were normal.  A CAT scan showed that plaintiff was
12 normal.  Plaintiff told a doctor named Youngblood that he had not had a bowel movement for one
13 week.  Hospital staff wanted to keep plaintiff overnight for observation.

14 Plaintiff alleges that the next day, defendant Kaiser, employed by defendant Banner
15 Lassen Medical Center, told plaintiff that she was sure it was plaintiff's gall bladder and that he
16 needed to have surgery or die.  Plaintiff agreed to the surgery.  After the surgery was performed,
17 plaintiff suffered from the same symptoms as before.

18 Upon his return to the prison, a doctor gave plaintiff medicine for constipation.  After
19 plaintiff had a bowel movement, he felt better.  Defendant Roche told plaintiff that this was his
20 problem all along.  Plaintiff alleges that he suffered pain as a result of the surgery and now has
21 unnecessary scars.

22 To state a section 1983 claim, a plaintiff must allege facts which show a deprivation by a
23 person acting under color of state law.  Generally, private parties do not act under color of state
24 law.  Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295
25 (2001); Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746–47 (9th Cir. 2003).  "The
26 United States Constitution protects individual rights only from government action, not from
27 private action."  Single Moms, Inc., 331 F.3d at 746.  "Only when the government is responsible
28 for a plaintiff's complaints are individual constitutional rights implicated." Id., at 746, citing

3

1  Brentwood Academy, 531 U.S. at 295.

2  "[S]tate action may be found if, though only if, there is such a close nexus between the state and the challenged action that seemingly private behavior may be fairly treated as that of the state itself." Brentwood Academy, 531 U.S. at 295. Private entities have been treated as state actors when they are controlled by a state agency, when they have "been delegated a public function by the [s]tate," when they are "entwined with governmental policies," and when the "government is entwined in [their] management or control." Brentwood Academy, 531 U.S. at 296. A private physician or hospital that contracts with a public prison system to provide treatment for inmates performs a public function and acts under color of law for purposes of section 1983. West v. Atkins, 487 U .S. 42, 56 n.15 (1988); Lopez v. Dep't of Health Servs., 939 F.2d 881, 883 (9th Cir. 1991).

Plaintiff names an apparent non-public entity, Banner Lassen Medical Center, as a defendant in this action. However, plaintiff's complaint contains no facts suggesting that defendant Banner Lassen Medical Center was acting under color of state law when allegedly violating plaintiff's constitutional rights. Accordingly, the claims against this defendant are dismissed with leave to amend.

Plaintiff's complaint also contains no facts suggesting that defendant Kaiser acted under color of state law when she alleged performed unnecessary surgery on plaintiff. Plaintiff does not allege that defendant Kaiser, or defendant Banner Lassen Medical Center, had a contract with the California Department of Corrections and Rehabilitation or the California Correctional Center, where plaintiff is incarcerated, to provide treatment for inmates. Accordingly, the claims against defendant Kaiser are dismissed with leave to amend.

For the following reasons, the undersigned finds that plaintiff has not stated a potentially colorable Eighth Amendment claim against defendant Roche.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by

4

demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

The only allegations against defendant Roche are that he sent plaintiff to Banner Lassen Medical Center for further examination. These allegations standing alone do not state a potentially colorable claim for relief. Accordingly, the claims against defendant Roche are dismissed with leave to amend. If plaintiff files an amended complaint, he must clarify how he is claiming that defendant Roche violated his constitutional rights.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

     3. Plaintiff's complaint is dismissed.

     4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

          a. The completed Notice of Amendment; and

          b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: October 23, 2014

Tay2163.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON TAYLOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BANNER LASSEN MEDICAL CENTER, et al.,<br><br>　　　　Defendants. | No.  2:  14-cv-2163 KJN P<br><br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　_____　　Amended Complaint

DATED:

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff